**UNITED STATES of America, Appellee,**

v.

**Bradley Wayne ROSE, Appellant.**

**No. 93–1457.**

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1993.

Decided Oct. 25, 1993.

Rehearing Denied Dec. 9, 1993.

8

R. Paul Hughes III, Fort Smith, AR, argued, for appellant.

David R. Ferguson, Asst. U.S. Atty., Fort Smith, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

BOWMAN, Circuit Judge.

Bradley Wayne Rose appeals from his conviction for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) (1988), and challenges the sentence the District Court[1] entered upon the conviction. We affirm.

The District Court denied Rose's motion for judgment of acquittal, made at the close of the government's case and renewed after all the evidence had been received. The jury returned a guilty verdict. On appeal Rose renews his claim that the government did not prove its case beyond a reasonable doubt. He contends that the evidence was insufficient to support a conviction for manufacturing marijuana. Because Rose lost the jury verdict, we must view the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences that may be drawn from that evidence. *United States v. Jagim,* 978 F.2d 1032, 1041 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993).

In March 1992 Officer John Ray of the United States Forest Service found ten plots of cultivated marijuana plants approximately ten yards off an old logging road on United States Forest Service property, in the Ouachita National Forest in Scott County, Arkansas. Rose's residence was nearby. On March 16, 1992, Ray installed a surveillance video camera that was activated by motion and body heat. By March 27, when Ray checked the camera, only one unidentifiable person appeared on the videotape. On April 14, 1992, Ray replaced the video camera with a 35mm still camera. The film retrieved on May 15, 1992, revealed that one photograph had been taken on May 1, again of an unidentifiable person. When the film recovered on May 26 was developed, Ray discovered nineteen photographs taken on May 15. In some of those photographs Rose was clearly recognizable. Forest Service officers collected 172 marijuana plants from eight of the ten plots. (Plants in the other two plots had died.)

Samples from each of the eight plots were tested at the Arkansas State Criminal Laboratory and determined to be marijuana.

This Court has examined the photographs that were exhibits at Rose's trial. Rose's face in the photographs is discernible without difficulty, and the photographs clearly show Rose tending the plants in the plot photographed. Rose criticizes the government's case because the government offered "no testimony concerning what the pictures of Mr. Rose depicted." Brief of Appellant at 5. Having seen the photographs, however, we think the depiction is self-evident. We conclude that the evidence was sufficient for a reasonable jury to convict Rose as charged.

■ The District Court sentenced Rose to sixty-three months imprisonment and four years of supervised release, and ordered him to pay a $1500 fine and a $50 special assessment. Rose's base offense level under the sentencing guidelines was determined to be 26, because the crime of conviction involved more than 100 kilograms of marijuana (100 marijuana plants). United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(3) (Nov.1992). Rose's sentencing range therefore was sixty-three to seventy-eight months, and the District Court sentenced him at the low end of that range.

Rose appeals that sentence.[2] His specific objection is that he was denied due process because the District Court relied on evidence adduced at trial as to the number of plants involved, instead of holding an evidentiary hearing at sentencing.

■ The quantity of drugs involved in the crime of conviction, as relevant to sentencing, "need be established only by a preponderance of the evidence." *United States v. Wiley*, 997 F.2d 378, 385 (8th Cir.1993). The District Court is authorized "to determine the quantity of drugs based on reliable evidence," and we will reverse that factual

finding only if it is clearly erroneous. *United States v. Smiley*, 997 F.2d 475, 481 (8th Cir.1993).

At Rose's trial on the charge of manufacturing marijuana, the government produced evidence that its officers collected 172 cultivated marijuana plants from the eight plots. That evidence went unchallenged by Rose. Moreover, when the District Court indicated at the sentencing hearing its intention to rely upon trial testimony for determination of the number of plants involved, and thus for ascertainment of the appropriate base offense level, Rose did not request the opportunity to call witnesses to rebut that evidence. The court "was entitled to rely on evidence presented at trial when sentencing" Rose. *United States v. Roberts*, 953 F.2d 351, 354 (8th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 3008, 120 L.Ed.2d 882 (1992); *see Wiley*, 997 F.2d at 386. We defer to the court's decision to credit the testimony of the government's witnesses. *See United States v. Pou*, 953 F.2d 363, 370 (8th Cir.), *cert. denied*, — U.S. —, —, 112 S.Ct. 1982, 1983, 118 L.Ed.2d 580 (1992).

The District Court's factual determination that 172 marijuana plants were attributable to Rose's conviction for manufacturing marijuana is not clearly erroneous; therefore, Rose's sentence was properly imposed.

The conviction and sentence are affirmed.

---

**2.** Rose challenges the "enhancement" of his sentence under 21 U.S.C. § 841(b)(1)(B)(vii) (1988), which provides that a minimum five-year sentence be imposed if more than 100 plants are involved in the crime of conviction. Although Rose was subject to the minimum sentence because more than 100 plants were involved, it seems he really is challenging the guidelines base offense level 26—and its sentencing range of sixty-three to seventy-eight months—into which he fell because the government proved that more than 100 plants were involved. Under the guidelines Rose actually received a sentence three months longer than the minimum sentence under 21 U.S.C. § 841(b)(1)(B)(vii).